UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>   v.<br><br>McCLINTOCK & TURK,<br><br>             Defendant. | NO: CV-09-315-RMP<br><br>ORDER |

A telephonic status conference was held in this matter on June 10, 2011. Michael Roche, Milton Rowland, and Phillip Lorenzo appeared on behalf of Plaintiff Security National Insurance Company. Douglas Weigel and Francis Floyd appeared on behalf of Defendant McClintock & Turk.

The Court discussed logistical considerations in preparation for trial, scheduled to begin on June 13, 2011, and considered Defendant's Supplemental Motion *in Limine*, ECF No. 102, and Plaintiff's Motion to Reconsideration of the Court's Proposed Damages Instruction, ECF No. 92.

This Order memorializes and supplements the Court's oral rulings.

ORDER ~ 1

**IT IS ORDERED THAT:**

1. Defendant's Supplemental Motion *in Limine*, **ECF No. 102**, is **DENIED**. Bruce Jolicouer is at this stage in the proceedings a testifying expert who does not fall within the protections for non-testifying experts of Fed. R. Civ. P. 26(b)(4)(b).

2. Plaintiff's Motion for Reconsideration, **ECF No. 92**, is **GRANTED**. The Court has reconsidered and modified its draft damages jury instruction, included as Appendix A below, to correct the amounts to which the parties have stipulated and to incorporate additional language from *Thompson v. King Feed & Nutrition Service, Inc.*, 153 Wn.2d 447 (Wash. 2005). At this time, the Court does not find it appropriate to eliminate its reference to an "Option 2" measure of damages or modify the instruction to incorporate the burden shifting scheme advocated by Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 10th day of June, 2011.

                                    *s/ Rosanna Malouf Peterson*
                                 ROSANNA MALOUF PETERSON
                             Chief United States District Court Judge

///
///
///

ORDER ~ 2

# APPENDIX A

COURT'S DRAFT JURY INSTRUCTION ON MEASURE OF DAMAGES as of June 10, 2011

If your verdict is for Security National, then you must determine the amount of money that will reasonably and fairly compensate Security National for such damages as you find were proximately caused by McClintock and Turk.

The parties have agreed to the following damages:
1. Costs related to demolition of the fire damaged structure of $102,500.00;
2. Business personal property losses of $104,917.82; and
3. The parties agree that damages for business income and/or interruption are at least $73,090.00 and no more than $142,988.95. However, you must decide the amount, ranging from $73,090.00 and $142,988.95, that will reasonably and fairly compensate Security National for its business interruption losses.

In addition to the other damages, you also must determine the amount of damages to be awarded to Security National for damage to the building itself.

ORDER ~ 3

The parties disagree about the proper amount of the damages to the building itself.

Measure of Damages Option #1: If you find that the building was damaged and had some salvage value, then you should[1] consider the following factors:

1. The difference between the fair cash market value of the building immediately before the fire and the fair cash market value of the building immediately after the fire[2]; and
2. The reasonable cost to repair the building after the fire, if you determine that:
    a. there is a reason personal to the owner for replacing the building; *or*
    b. there is reason to believe that the owner will or has repaired the building to its original condition; *and*
    c. the cost of the repairs is reasonably proportionate to the difference in the fair cash market value of the building before and after the fire.[3]

---

[1] Washington Pattern Jury Instructions – Civil - 30.01.01 – Measure of Economic and Noneconomic Damages—Personal Injury—No Contributory Negligence; Washington Pattern Jury Instructions – Civil – Measure of Economic and Noneconomic Damages—Personal Injury 30.02.01

[2] Washington Pattern Jury Instructions – Civil - 30.14- Measure of Damages - Damage to Personal Property – Difference in Value Before and After Damage

[3] *Thompson v. King Feed & Nutrition Service, Inc.*, 153 Wn.2d 447, 455, 459, 464 (2005); 16 WASH. PRAC. § 5.3 (3d ed. 2006).

ORDER ~ 4

Measure of Damages Option #2: If you find that the building was completely destroyed and had no salvage value, then you should only consider the fair market value of the building immediately before the fire.[4]

The burden of proving the amount of damages rests upon Security National.  It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not speculation, guess, or conjecture.

---

[4] Washington Pattern Jury Instructions – Civil - 30.14, Note on Use;  Washington Pattern Jury Instructions – Civil – 30.15

ORDER ~ 5