UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>McCLINTOCK & TURK,<br><br>　　　　　　　　Defendant. | NO: CV-09-315-RMP<br><br>ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW TAXATION OF COSTS |

THIS MATTER comes before the Court on Defendant's Motion for a New Trial, ECF No. 176, and Defendant's Motion to Review Taxation of Costs, ECF No. 173.

The Court has reviewed the parties' filings regarding the pending motions and the remaining record in this case and is fully informed. [1]

---

[1] In light of the parties' familiarity with the factual and procedural history of this case, and the numerous documents in the record that recite that history, the Court

ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW
TAXATION OF COSTS ~ 1

*Motion for a New Trial*

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides that a district court may grant a motion for a new trial following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"

Defendant makes two arguments for a new trial: (1) that Plaintiff exceeded the scope of Fed. R. Evid. 411 in its references to liability insurance throughout the trial; and (2) that the verdict is contrary to the clear weight of the evidence because the Plaintiff blurred the differences between "actual cash value" and "cost of repair." *See* ECF No. 205.

*Plaintiff's References to Defendant's Liability Insurance*

An erroneous evidentiary ruling is a basis for a new trial "only if the error more likely than not affected the verdict." *In re First Alliance Mortgage Co.*, 471 F.3d 977, 999 (9th Cir. 2006).

Rule 411 of the Federal Rules of Evidence provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.  But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

---

does not recount additional facts except as necessary to explain its decision on the instant three motions.

ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW TAXATION OF COSTS ~ 2

Defendant argues that Plaintiff's counsel exceeded the scope of Fed. R. Evid. 411 and prejudiced the jury against Defendant by questioning Defendant's and Plaintiff's witnesses regarding Defendant's insurance and in seeking admission of Defendant's Exhibits 510, 511, and 512 without redaction of references to Defendant's insurance. However, the admission of 510, 511, and 512, Defendant's own exhibits, were admitted by stipulation of the parties, not over Defendant's objection. ECF No. 142-2 at 7. Moreover, Fed. R. Evid. 411 only prohibits evidence of insurance coverage to prove negligence or other types of wrongful action, and Defendant admitted liability prior to trial. *See* Jury Instruction No. 2, ECF No. 132 at 3.

The Court only allowed Plaintiff to ask questions of Defendant's witnesses that go to the question of bias, which is allowed under Fed. R. Evid. 411, and curbed the questioning when Plaintiff's questioning entered irrelevant territory. ECF No. 159 at 28-44. In fact, the Court gave the exact curative instruction proposed by Defendant. ECF No. 159 at 45-46.

This Court's evidentiary rulings on this issue were not erroneous, and even if it were proper to reach the question of whether the rulings affected the verdict, there is no indication that they did. The Court finds no basis to grant a new trial on this ground.

ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW TAXATION OF COSTS ~ 3

*Evidentiary Support for the Verdict*

Another historically recognized ground for a new trial includes "claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir.2007). The Ninth Circuit has held that a trial judge may grant a new trial, "even though the verdict is supported by substantial evidence, if 'the verdict is contrary to the clear weight of the evidence, is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir.1999) (quoting *Oltz v. St. Peter's Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988).

The Ninth Circuit has recognized the difficulty for district courts in deciding a motion for a new trial on the ground that the verdict is against the clear weight of the evidence:

> It may be doubted whether there is any verbal formula that will be of much use to trial courts in passing on motions [for a new trial on the grounds that the verdict is against the clear weight of the evidence]. Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the

jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987) (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2806, at 48-49).

"Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." *Landes*, 833 F.2d at 1372; *see also 4.0 Acres*, 175 F.3d at 1139 ("... a district court may not grant or deny a new trial merely because it would have arrived at a different verdict."). The jury, and not the court, is given the task of weighing conflicting evidence and making credibility determinations. *See Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174, 1179 (9th Cir.1990), *amended and reh'g en banc denied by* 920 F.2d 618 (9th Cir.1990); *see also Landes Const. Co.*, 833 F.2d at 1372 (jury entitled to believe one set of witnesses over others). And, "[i]t is not the courts' place to substitute our evaluations for those of the jurors." *Union Oil Co. of Cal. V. Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003).

ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW TAXATION OF COSTS ~ 5

The jury instruction regarding the measure of damages, which was extensively debated and carefully crafted by the Court and the parties, allowed the jury to consider both fair market value and "the reasonable cost to repair the building" if the jury determined that:

a. there is a reason, personal to the owner, for replacing the building; or
b. there is reason to believe that the owner will or has repaired the building to its original condition; and
c. the cost of the repairs is reasonably proportionate to the difference in the fair cash market value of the building before and after the fire.

ECF No. 132 at 5.

Jury Instruction No. 4 defined "fair market value" as "the amount of money that a well-informed buyer, willing but not obliged to buy the property, would pay, and that a well-informed seller, willing but not obligated to sell it, would accept, taking into consideration all uses to which the property is adapted and might in reason be applied."

Defendant argues that, in light of portions of trial testimony summarized in its motion, the jury could not reasonably have returned a verdict awarding Plaintiff "damages to the building itself" in the amount of $2,948,734.49. *See* Verdict Form, ECF No. 149 at 2. The thrust of Defendant's argument with respect to variations in the testimony among the damages witnesses for Plaintiff and Defendant is that the jury must

ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW TAXATION OF COSTS ~ 6

1  have based its calculation of damages to the building itself on the actual

2  cash value and cost to repair the building rather than the fair market value.

3      According to Defendant's review of the trial record, the fair market

4  value figures introduced at trial were: (1) a tax assessed value of the

5  building in 2008 of $901,200.00, ECF No. 169 at 11; and (2) an appraisal

6  by Bruce Jolicoeur, Defendant's appraisal expert, of the value of the

7  building "as is" of $1,189,000.00 and "in use" of $1,360,000.00.

8      However, there was also testimony regarding the actual cash value

9  and repair costs for the building, and these calculations ranged from

10 $3,102,777.63 to $4,000,000.00. The jury awarded $2,948,734.49. *See*

11 Verdict Form, ECF No. 149 at 2. The jury was not required to disclose

12 what portion of the award was based on fair market value and what portion

13 constituted the jury's determination of the reasonable costs to repair the

14 building. *See* ECF No. 149. Upon reviewing the evidence presented at

15 trial, the Court does not have a "definite and firm conviction that a mistake

16 has been committed." *Landes Const. Co.*, 833 F.2d at 1371-72.

17 ***Objections to Cost Bill***

18     In light of the Court's finding that the verdict and the judgment in this

19 matter shall stand, the Court addresses Defendant's motion to review taxation of

20

ORDER ON MOTION FOR NEW TRIAL AND MOTION TO REVIEW
TAXATION OF COSTS ~ 7

costs, ECF No. 174, and objection, ECF No. 174, to the proposed cost bill filed by Plaintiff, ECF No. 166.

Defendant objects to Plaintiff's proposed cost bill and moves the Court to re-tax and adjust the Clerk of Court's taxation of costs and order "such other and further relief as this Court may deem just and proper." ECF No. 173 at 2. The Clerk of Court has not yet taxed the costs. Therefore, Defendant's motion to re-tax the costs is premature and is **denied as moot with leave to renew**. The Clerk processes cost bills pursuant to LR 54.1, which provides for consideration of the objection already filed by Defendant, ECF No. 174, and authorizes the Clerk to "require and consider further affidavits as necessary to determine allowable costs." LR 54.1(d).

Accordingly, **IT IS ORDERED** that:

1. Defendant's Motion for a New Trial, **ECF No. 176**, is **DENIED**;

2. Defendant's Motion to Review Taxation of Costs, **ECF No. 173**, is **DENIED AS MOOT WITH LEAVE TO RENEW**;

3. Defendant's Objection to the cost bill, filed incorrectly as a motion, **ECF No. 174**, will be reviewed by the Clerk, and the Clerk is **instructed to administratively terminate this motion**.

**IT IS SO ORDERED.** The Clerk of the Court is hereby directed to enter this Order and provide copies to counsel. The Clerk of the Court is further directed to process the Plaintiff's proposed cost bill pursuant to LR 54.1.

**DATED** this 21st day of November, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge